[806 NYS2d 82]

In the Matter of REBECCA E. CARMEN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, November 7, 2005

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

*Hinshaw & Culbertson, LLP,* New York City (*Hal R. Lieberman* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated November 22, 2004, containing two charges of professional misconduct. After a hearing on February 4, 2005, Special Referee Vincent Pizzuto sustained both charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. In response, the respondent asks that Charge Two be dismissed and that she be accorded a lenient disciplinary sanction consistent with the principles of even-handedness and the fair administration of justice.

Charge One alleges that the respondent was convicted of a serious crime, in violation of Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]). On or about July 14, 2004, the respondent entered a plea of guilty in Criminal Court, Kings County, before the Honorable Miriam Best, to criminal facilitation in the fourth degree, in violation of Penal Law § 115.00, a class A misdemeanor. She was sentenced to a conditional discharge, and was ordered to perform 50 hours of community service, make restitution in the sum of $130,590.63 to the City of New York, and to pay surcharges and fees in the sum of $120.

Charge Two alleges that the respondent submitted false and exaggerated vouchers to the Assigned Counsel Plan for legal services purportedly rendered, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]). The respondent was engaged in the practice of law from approximately 1996 to 2003. Her practice consisted of representing criminal defendants assigned pursuant to County Law article 18-B. During that period, the respondent submitted vouchers to the Assigned Counsel Plan Administrator, in the

sum of approximately $491,117 for legal services purportedly performed. The respondent knew or should have known that the vouchers she submitted contained numerous false and inaccurate entries exaggerating the amount of hours spent on assigned cases. Based on the respondent's testimony and the surrounding circumstances, the Special Referee properly concluded that she should have known of the false and exaggerated vouchers which she signed and affirmed. Accordingly, the Special Referee properly sustained both charges, and the petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider her previously unblemished record, her sincere remorse, her full cooperation with both the District Attorney and the petitioner, her immediate offer to make restitution before the institution of criminal or disciplinary proceedings, her prompt fulfillment of that commitment, the demonstrated proof of good character, and the collateral consequences she suffered.

Notwithstanding the mitigation advanced in the instant case, the respondent has been convicted of a misdemeanor, a serious crime, and participated in the submission of false and inaccurate vouchers to the Assigned Counsel Plan pursuant to County Law article 18-B. Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of two years, with credit for time served under the interim suspension imposed by the decision and order on motion of this Court dated November 5, 2004.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and SANTUCCI, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Rebecca E. Carmen, is suspended from the practice of law for a period of two years, commencing immediately, with credit for time served under the interim suspension imposed by the decision and order on motion of this Court dated November 5, 2004, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months before the expiration of that period upon furnishing satisfactory proof that during the said period she (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and

resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (4) otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Rebecca E. Carmen, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Rebecca E. Carmen, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and Rebecca E. Carmen shall certify to the same in her affidavit of compliance, pursuant to 22 NYCRR 691.10 (f).